PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2005 Chevrolet Cobalt struck a hole while he was traveling on County Route 29 in Preston County. County Route 29 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 2:30 a.m. on February 20, 2007. County Route 29 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on County Route 29 when his vehicle struck a hole in the road. He stated that he had seen the hole previously but had been able to avoid it on other occasions. Mr. Mendez testified that there were a series of holes along this stretch of County Route 29 with at least three holes that were approximately one and a half feet wide, one foot long, and six to eight inches deep. Claimant’s vehicle struck one of the holes sustaining damage to the right front rim totaling $378.46.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 29 at the site of the claimant’s accident for the date in question. Larry Weaver, Highway Administrator for the respondent in Preston County, testified that he had no knowledge of any holes on County Route 29 in Preston County for the date in question. Mr. Weaver stated that he travels this road every day and had never noticed holes this large in the area of claimant’s incident. Mr. Weaver further testified that crews for respondent patched this area of County Route 29 on February 20, 2007. Respondent maintains that it had no actual or constructive notice of any holes on County Route 29.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the'size and location of the hole on County Route 29. The size of the hole and its location within the roadway leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim • in the amount of $378.46.
Award of $378.46.